FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 SEP 29  AM 10: 19
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA

SALIM HAJIANI

P O BOX 642                                CIVIL ACTION FILES NUMBER

BARNESVILLE, GA 30204

PLAINTIFF,                                 JURY TRIAL DEMAND

V.                                         CV 114-187

SHEMILI, LLC. D/b/a ECONO LODGE AND

MEENA PATEL

DEFENDANT

## COMPLAINT

COMES NOW Plaintiff Salim Hajiani (hereinafter sometimes referred to as "Plaintiff " or "Hajiani"), and files this lawsuit against Defendant Shemili LLC (HEREINAFTER sometimes referred to as "defendant" or "shemili" ) and defendant meena patel (hereinafter referred to as "patel") and shows the following

### NATURE OF COMPLAINT

1. PLAINTIFF BRINGS THIS ACTION to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks liquidated and actual damages for Defendants failure to pay state and federal minimum wages and federally mandated wages to plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 USC § 201 *et seq.* (hereinafter "FLSA") during Hajiani's employment with Defendant from approximately September 24, 2011 to October 6th, 2011. Plaintiff was to be paid every week on Friday. Therefore the first payment was due on September 30th, 2011 and the last was due on October 7th, 2011.

3. Plaintiff further brings this action under Georgia wage laws for failure to pay plaintiff wages due, and for breach of contract and unjust enrichment under Georgia common law.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1332 because their action involves a federal question, 29 U.S.C. § 216(b).

5. At all relevant times, Defendant was and is regularly engaged in interstate commerce and was and is an employer within the meaning of the FLSA § 7, 29 U.S.C. §§ 206-07 and at all material times, Defendant has been and is an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA.

6. All actions, events, and omissions giving rise to the claim occurred in Georgia.

7. Defendant is a registered limited liability company. Its registered office is located at 2051 gordon highway, augusta, GA 30909. ITS registered agent is Manoj patel

8. A substantial amount of the events or omissions giving rise to the claim occurred at ECONO Lodge (Fort Gordon) 2051 Gordon Highway, Augusta, GA 30909.

9. Defendants principal place of business and corporate office is located at 2051 Gordon highway, Augusta, GA 30909

10. It can be served through its registered agent, manoj Patel, who is located at 2051 Gordon highway, Augusta, GA 30909.

11. Venue is proper in Richmond County because its registered agent and offices are located in Richmond County.

## PARTIES AND FACTS

12. Plaintiff resides in Upson county, Georgia and worked for the defendants at their motel located at 2051 Gordon highway, Augusta, GA 30909. PLAINTIFF was an "employee" (as defined under FLSA § 3 (e) ) for defendants. He performed nonexempt labor for the defendants during his employment. Defendants conduct business in the southern district of Georgia.

13. Plaintiff began employment with the defendant on or after September 24, 2011. Defendants assigned him work at econo lodge, 2051 Gordon highway, Augusta, GA 30909.

14. Plaintiff frequently worked for more than 40 hours per week.

15. However, for worked performed in between approximately September 24, 2011 to October 5th; 2011.defendants did not pay all wages due to Hajiani. During that time plaintiff worked for over forty (40) hours in a workweek. Yet, defendants did not pay the overtime wage differential required by FLSA § 7, 29 U.S.C. § 207.

16. Plaintiff was scheduled to be paid every week. Therefore his first paycheck was due on September 30th, 2011 and his last one on October 7th, 2011.

17. Plaintiff was terminated from his employment with defendants on or after October 6th, 2011, because he demanded for his wages and overtime wages.

18. Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. § 203(e) and governed by and subject to FLSA 29 U.S.C.§§ 204 and 207.

19. Although plaintiff is the only claimant to his action, at least other employees complained in plaintiff's presence about defendant's failure to pay them in accordance with the law.

20. As a direct consequence of defendant's failure to pay plaintiff in accordance with the law, he has suffered severe financial loss.

21. Defendants intentional, knowing and willful violation of Georgia and federal law caused plaintiff to suffer economic damages.

## COUNT I

MINIMUM WAGE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201, ET. SEQ.

22. The above paragraphs are incorporated by reference as if fully set forth herein.

23. the claim arises from defendants willful violation of the fair labor standards act, 29 U.S.C. § 201 et. Seq., for failure to pay a minimum wage to plaintiff.

24. at all times relevant defendant has been, and continues to be, "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. Seq. At all times relevant, defendant has employed and continue to employ, employees, including plaintiff and each of the members of the FLSA collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, defendants has had an annual gross volume of sales made or business done in excess of $500,000.00

25. The minimum wage provision of the FLSA, 29 U.S.C. § 201, et.seq., apply to defendants . Pursuant to the FLSA, 29 U.S.C. § 206, plaintiff was entitled to be compensated at a rate of $7.25 per hour beginning September 24th 2011.

COUNT II

VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT 29 U.S.C.§ 201, ET.SEQ

26. Plaintiff re alleges and incorporates herein all preceding paragraphs of this complaint as if fully restated herein.

27. Plaintiff worked for over forty hours in some weeks for defendant. Yet, defendant did not pay Hajiani all wages due to him.

28. Because defendant did not pay plaintiff one and a half times his regular rate of pay when plaintiff worked for over forty hours in a given workweek.

29. Defendants knew that it failed to pay plaintiff the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

30. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C.§ 255.

31. Plaintiff seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper

32. Plaintiff seeks recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III

## VIOLATION OF GEORGIA MINIMUM WAGE LAW

## O.C.G.A. § 34-4-1

33. Plaintiff hereby incorporates by reference paragraphs 1-32 of this Complaint.

34. Under the Georgia Minimum Wage Law Plaintiff was a covered employee. As a result, Defendant was to pay Plaintiff a minimum wage of not less than $5.15 per hour for each hour worked in the employment.

35. Defendant failed to pay Plaintiff for all the wages due them, pursuant to Georgia Law.

36. Under this Count, Plaintiff is entitled to his original wages,, liquidated damages, costs and attorney's fees.

## COUNT IV

## EQUITY/UNJUST ENRICHMENT

37. Plaintiff hereby incorporates by reference paragraphs 1-36 in this Complaint.

38. Defendant received the benefit of Plaintiff's work, without compensating Plaintiff. As a matter of equity, Defendant should not be allowed to prosper at the expense of Plaintiff.

39. The money Defendant owed Plaintiff as wages, all inured directly to Defendant's benefit by its nonpayment for work done and time spent for Defendant's benefit. Plaintiff should have what he is entitled to in equity, by quantum merit, and Defendant should not unjustly enriched by its nonpayment of wages.

## COUNT V

## BREACH OF CONTRACT

40. Plaintiff hereby incorporates by reference paragraphs 1-39 of this Complaint.

41. Defendant entered into a contract with Plaintiff to pay him wages for all work done and time spent for Defendant's benefit at the rate of $9.00/hour.

42. Defendant breached this contract by failing to pay Plaintiff all

Wages due for the benefit given to defendants.

43. Plaintiff is an at will employee. The law implies that a contract for payment of wages exists by the nature of the employer/employee relationship.

44. Defendants used a common course of conduct which caused plaintiff not to be paid wages due. The common course of conduct constituted a breach of contract.

45. Plaintiff was injured by defendant's breach of contract to pay wages.

46. Defendants action were intentional, willful, malicious, and in reckless disregard for the rights of plaintiff.

COUNT VI

FLSA RETALIATION

47. Defendants terminated the plaintiff's employment because plaintiff complained to them about not receiving overtime pay.

48. Defendants discouraged other prospective employers from hiring plaintiff because plaintiff made a claim for overtime pay.

49. Defendants willfully violated the non-retaliation provisions of the FLSA and are liable to plaintiff for damages, attorney fees, and costs of litigation.

## COUNT VII

## DEFAMATION

50. Defendants statement that plaintiff is a bad employee is false.

51. Defendants statement that plaintiff is a bad employee is stigmatizing to plaintiff and is damaging his reputation.

52. Defendants made this statement to other prospective employers.

53. Defendants action constitute slander under O.C.G.A.§ 51-5-4 and/or libel under O.C.G.A. § 51-5-1 and defendants are liable to plaintiff for damages thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

   a. Judgment against defendants for an amount equal to plaintiff's unpaid back wages and overtime pay;

b. Judgment against defendant for emotional distress damages, punitive and/or liquidated damages, and all other damages available at law, as applicable;

c. Judgment against defendants that their violations of the FLSA were willful, which includes double damages;

d. An equal amount to plaintiffs damages as liquidated damages;

e. An award of prejudgment and post-judgment interest;

f. All cost and attorney fees incurred in prosecuting these claims;

g. Assume jurisdiction over this action

h. Any further relief that is just and appropriate be granted to the plaintiff.

### DEMAND FOR JURY TRIAL

Pursuant to rule 38(b) of the federal rules of civil procedure, plaintiff demands a trial by jury.

September 25th, 2014.

Respectfully Submitted,

Salim Hajiani

P O Box 642

Barnesville, GA 30204

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA

SALIM HAJIANI,                                         CIVIL ACTION FILE NO.

Plaintiff,

Vs.

SHEMILI, LLC. D/b/a ECONO LODGE and

MEENA PATEL,

Defendant

## CERTIFICATE OF SERVICE

This is to certify that this day I filed the foregoing complaint for damages with the clerk of the court by depositing the complaint in an envelope of United States postal service with adequate postage attached on it.

Submitted this 26th day of September, 2014.

Salim Hajiani

P O Box 642

Barnesville, GA 30204