IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SALIM HAJIANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-187 |
| | ) | |
| | ) | |
| SHEMILI, LLC, d/b/a Econo Lodge, | ) | |
| and MEENA PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are Defendants' motion for sanctions and motion for a protective order due to Plaintiff's failure to attend five properly noticed depositions. (Doc. nos. 22, 23.) Defendants request that this case be dismissed and that they be excused from responding to Plaintiff's interrogatories and requests for production because Plaintiff has willfully violated the Court's Order and its discovery rules pertaining to Plaintiff's obligations to attend depositions. (Id.) In response, Plaintiff contends that he did not receive notice of two of the scheduled depositions and that he properly notified Defendants of conflicts with the other three. (Doc. nos. 25, 26.)

Plaintiff's pattern of behavior in treating Defendants' depositions as an entirely volitional activity will not be tolerated. The Court's October 24, 2014 Order clearly states:

> It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by a defendant. Upon being given at least five days' notice of the scheduled

> deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

Plaintiff denies having received this Order, in keeping with his pattern of denying having received anything that would be inconvenient to him. (Doc. no. 25, p. 1.) Accordingly, the Court **DIRECTS** the Clerk to attach the Court's October 24th Order to Plaintiff's copy of this Order. Further, Plaintiff admits to attempting to reschedule the second deposition merely because of "short notice," despite receiving the notice six days ahead of the deposition date in compliance with the Court's Order.[1] (Doc. no. 27, p. 3; doc. no. 22-7, p. 6.) Given this proper notice, Plaintiff's admission amounts to failure to comply with a Court Order. Finally, Plaintiff's actions in giving two days notice of his inability to attend depositions based on undocumented and questionable excuses is unjustifiable. (Doc. no. 22, p. 4-5.)

Although Plaintiff's behavior in discovery has been inexcusable, its falls just short of the type of behavior deemed appropriate by the Eleventh Circuit for dismissal with prejudice. See Clark v. Keen, 346 F. App'x 441, 442 (11th Cir. 2009) (finding dismissal appropriate where the violation was willful and a lesser sanction would not suffice). Accordingly, the Court **DENIES** Defendants' motion for sanctions and motion for protective order, (Doc. nos. 22, 23), and

---

[1] The return receipts for the notices sent to Plaintiff show an untenable delay between the time Defendants mailed the notice and the time Plaintiff actually picked up the notices at the front desk. (See doc. 22-9, p. 4; 22-10, p. 1.) Failure by Plaintiff to check his mail will not be deemed an excuse for failing to attend a properly noticed deposition.

2

**ORDERS** Plaintiff to attend a deposition at Courtroom One of the United States District Courthouse, 600 James Brown Boulevard, Augusta, Georgia, 30901 on October 29, 2015 at 9:00 a.m. If Plaintiff fails to arrive at this deposition in time to begin promptly at 9:00 a.m., the Court will dismiss this action immediately for failure to comply with a Court Order. The close of discovery in this action is extended until December 7, 2015, and the last day for filing all civil motions, excluding motions in limine is January 6, 2016. Defense counsel will be responsible for providing a court reporter at the deposition.

Finally, the frequency of Plaintiff claiming to have not received case related documents is unbelievable, especially given defense counsel's certification that he mailed the documents to the address provided by Plaintiff and often also e-mailed a copy to Plaintiff. To prevent any further chicanery by Plaintiff, it is necessary to deem as conclusive and final proof of receipt by Plaintiff any future documents certified by defense counsel as being sent to Plaintiff by both (1) first class U.S. mail delivered to the address on file with the Court, i.e. P.O. Box 642, Barnesville, Georgia 30204, and (2) e-mail to the address Plaintiff has used to correspond with defense counsel, i.e. ssimon981@yahoo.com. To the extent Plaintiff may be concerned about the infinitesimal chance of both delivery methods failing on the same occasion, he may contact the offices of defense counsel on a regular but not unreasonable basis to inquire whether any documents have been sent that he may have failed to receive.

SO ORDERED this 8th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA