IN THE UNITED STATES DISTRICT COURT\

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SALIM HAJIANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-187 |
| | ) | |
| SHEMILI, LLC, d/b/a Econo Lodge, | ) | |
| and MEENA PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED** (doc. no. 32), this case be **DISMISSED WITH PREJUDICE**, and this civil action be **CLOSED**.

Defendants seek the sanction of dismissal based on Plaintiff's continuing failure to appear for depositions and refusal to produce requested documents. (Doc. no. 32.) When Plaintiff, who is proceeding *pro se*, failed to appear for his deposition the first five times, the Court denied Defendants' first motion for sanctions and ordered Plaintiff to appear for his deposition at the courthouse on October 29, 2015. (Doc. no. 29.) The Court reminded Plaintiff of his duty to appear for depositions that are properly noticed, and explained it is highly inappropriate to give opposing counsel last-minute notice of cancellation based on undocumented, personal, and highly questionable excuses. (Id. at 2.) Plaintiff appeared for

the courtroom deposition, but defense counsel had to suspend the deposition because Plaintiff failed to bring with him documents Defendants specified for production at the deposition. (Doc. no. 32, p. 2.)

Since the suspension of Plaintiff's courtroom deposition on October 29, 2015, Defendants have served Plaintiff with four notices to reconvene his deposition, bringing the total number of notices served to date for Plaintiff's deposition to nine. On November 20, 2015, Defendants served their sixth notice to take Plaintiff's deposition on December 3, 2015 commencing at 10:30 a.m. (Doc. no. 32-2, p. 1.) On the morning of December 3, 2015, at 10:31 a.m., Plaintiff emailed defense counsel that he was sick and unable to attend the deposition. (Doc. no. 32-3.)

On December 4, 2015, Defendants served their seventh notice to reconvene Plaintiff's deposition on December 14, 2015. (Doc. no. 32-4, p. 1.) On December 10, 2015 at 6:00 p.m., Plaintiff emailed defense counsel that he was unavailable on December 14 because he needed time to prepare for an academic examination scheduled for the following day, December 15. (Doc. no. 32-5.) On December 14, 2015, Defendants served their eighth notice for reconvening Plaintiff's deposition on December 22, 2015. (Doc. no. 32-6, p. 1.) On the morning of December 22, 2015, Plaintiff left a voice message for defense counsel stating his vehicle was in a state of disrepair and he could not attend the deposition. (Doc. no. 32, p. 4.)

On December 22, 2015, Defendants served their ninth notice to reconvene Plaintiff's deposition on December 30, 2015 at 10:30 a.m. (Doc. no. 32-7, p. 1). On December 30, 2015, at 2:18 a.m., Plaintiff complained by email that he had not been provided notice of

sufficient duration. (Doc. no. 32-8.) Plaintiff's position violates two prior orders of this Court, which plainly instructed Plaintiff of his duty to appear for any deposition "[u]pon being given at least five days' notice of the scheduled deposition date." (Doc. no. 29, p. 2; doc. no. 5, p. 5.) Plaintiff's email of December 30 also stated that, despite Defendants' willingness to reschedule the continuation and completion of his deposition on so many prior occasions, Plaintiff refused to attend the deposition because the discovery period had recently expired on December 7, 2015. (Doc. no. 32-8.)

Plaintiff does not contest these facts, but instead readily admits that he failed to attend three depositions noticed for dates within December 2015, citing as reasons an illness, a malfunction of his vehicle, and a third deposition "scheduled very close to his examination." (Pl's Br. in Opp, doc. no. 33, p. 3.) Plaintiff also concedes that he has failed to produce all documents requested by Defendants by his statement that he "has produced *almost* all the documents in his possession." (Id.) (emphasis added)

A district court has inherent authority to manage its docket, and its authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to

3

prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005). Dismissal with prejudice "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Id.

There is a clear pattern of delay and willful contempt in Plaintiff's continued refusal to appear for properly noticed depositions and provision of last-minute notice of his non-attendance, causing Defendants to suffer unnecessary burden and expense and frustrating their efforts to conduct basic discovery. Sanctions less than dismissal with prejudice will not suffice because the Court previously ordered Plaintiff to stop engaging in this very behavior, and Plaintiff continued unabated his pattern of delay and contempt. Although Defendants request attorneys' fees, the Court finds that Plaintiff's *in forma pauperis* status makes this sanction impractical.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED** (doc. no. 32), this case be **DISMISSED WITH PREJUDICE**,

and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 18th day of February, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA